# WHEELING.

## LEWIS v. ALKIRE.

*(BRANNON, JUDGE, absent.)

Submitted June 11, 1889.—Decided June 27, 1889.

1. REVERSAL OF DECREE—DEMURRER TO EVIDENCE.

Where a case is tried by the court in lieu of a jury, the appellate court must regard the case as upon a demurrer to the evidence; and it will not reverse the judgment of the trial-court, upon the ground that it is contrary to the evidence, unless after disregarding all the conflicting evidence of the defendant in error there is not sufficient legal evidence in the case to warrant the judgment.

2. REVERSAL OF DECREE &C—TRIAL.

The matter of the order and time of the introduction of evidence is largely in the discretion of the trial-court, and will not be interferred with by the appellate court, where no injustice has been done.

*Rendered judgment below.

*W. E. Lively* and *L. Bennett* for plaintiffs in error.

*T. Hunter* for defendant in error.

SNYDER, PRESIDENT :

Action commenced before a justice of Lewis county by J. S. Lewis & Co. against John W. Alkire, J. G. Sims, E. M. Gibson, W. A. Sims and G. W. Allman on a negotiable note dated April 13, 1886, for $150.00, purporting to be signed by John W. Alkire and J. G. Sims, payable ninety days after date, to the order of E. M. Gibson at the National Exchange Bank of Weston, and indorsed successively by the said E. M. Gibson, G. W. Sims, and G. W. Allman. All the defendants appeared to the action, except E. M. Gibson, who was not served with process; and on the hearing of the case the justice dismissed it as to the defendants J. G. Sims and W. A. Sims, and gave judgment for the plaintiffs against the defendants Alkire and Allman for the amount of said note and costs. From this judgment the said Alkire and Allman appealed to the Circuit Court of Lewis county, where the case was tried by the court in lieu of a jury, and judgment was rendered by it for the plaintiffs affirming the judgment of the justice; and from this latter judgment the said defendants Alkire and Allman have obtained this writ of error.

Neither the transcript from the justice nor the record of the Circuit Court show the ground on which the action was dismissed by the justice as to the defendants J. G. and W. A. Sims; nor does it appear from the pleadings, that any plea or answer was filed by any of the defendants to the action, as is required by Code of 1887, c. 50, s. 50. The bill of exceptions, which certifies all the evidence heard on the trial, shows, that the defendants offered evidence tending to prove, that the names of the maker and all the indorsers of the note sued on except E. M. Gibson had been forged. The proof shows pretty clearly, that the signatures of J. G. and W. A. Sims had been forged, or that they were not genuine; while the evidence as to the signatures of Alkire and Allman was conflicting, and, although each of these latter defendants testified on the trial, neither of them was willing

to swear, and did not swear, that his signature was not genuine.

Upon this state of the evidence this Court can not reverse the finding of the Circuit Court, upon the ground that it was contrary the evidence; because the rule is settled in this State, where the case is tried by a jury or by the court in lieu of a jury, that the appellate court must regard the case as upon a demurrer to the evidence. *Board* v. *Parsons*, 24 W. Va. 553; *Black* v. *Thomas*, 21 W. Va. 713.

The evidence proves, that the note was passed by Gibson to the plaintiffs, John S. Lewis & Co.; and therefore the plaintiffs in error claim, that, because the note was a forgery as to J. G. & W. A. Sims, whose liability was primary to that of Allman, there could be no liability against Allman. There is nothing in this claim; for the proof shows, that the plaintiffs are *bona fide* holders of the note for value, and that they acquired the note before its maturity. The legal presumption therefore is, that Allman, the subsequent indorser, was an accommodation indorser either for the makers or Gibson; and our statute provides, that upon any protested negotiable note the holder may maintain an action and recover judgment jointly against all the drawers and indorsers or any one or any intermediate number of them. Code 1887, c. 99, s. 11, 187. The plaintiffs could therefore have sued Allman alone and obtained judgment against him: and he is not prejudiced, because the judgment is against him and another.

After the evidence had been closed, and the court had taken the papers to decide it, including the certificate of protest of the note, on a subsequent day of the term, and before the judgment was entered, a question arose as to whether the certificate of protest had been offered in evidence; the defendants claiming, that it had not, and the plaintiffs, that it had, been offered in evidence. Thereupon the court stated, that it would consider the certificate in evidence, and gave the defendants leave to offer any evidence to rebut the certificate; but no further evidence was offered by the defendants. The defendants in error claim that the court erred in treating this certificate as a part of the evidence in the case. The matter of the order and time of the introduction of evidence is largely in the discretion of the trial-court, and will

not be interfered with in the appellate court, when no injustice is done. When justice requires it, courts are permitted to relax rules relating to the mode and manner of procedure. *Howel's Case*, 5 Gratt. 664; *Bowyer* v. *Knapp*, 15 W. Va. 278. In this case it would have been error for the court to have refused to consider the certificate of protest, and consequently it did not err in doing so after giving the defendants an opportunity to rebut it. The other errors assigned are too untenable to need notice.

The judgment of the circuit court is affirmed.

AFFIRMED.