# CHARLESTON

## Dodrill's Executors *v.* Gregory's Administrator.

Submitted February 6, 1906.    Decided March 6, 1906.

1. Bills and Notes—*Payment—Burden of Proof.*
   In an action upon a promissory note, where payment is relied on as a defense, the burden is on the defendant to prove such defense by a preponderance of the testimony.  (p. 120.)

2. Same—*Presumption of Payment.*
   Where an action is brought upon a promissory note, and on the trial it is admitted that the note was found among the papers of the maker, after his death, there arises from this admission a presumption that the note was paid, but not such a presumption as changes the burden of proof to show payment—the fact of the note having been so found being a matter which can be given in evidence by the defendant to show payment.  (p. 120.)

3. TRIAL—*Instructions.*

> An instruction which tells the jury "if they believe" instead of "if they believe from the evidence", they shall find, &c., is not erroneous, if in another part of the instruction, or in other instructions given in the case, the attention of the jury is specifically directed to the evidence by telling them that they shall base their verdict thereon. (p. 120.)

Error to Circuit Court, Webster County.

Action by C. Mc. Dodrill's executors against V. S. Gregory's administrator. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

LINN, BYRNE &·CATO, for plaintiff in error.

E. H. MORTON, for defendants in error.

SANDERS, JUDGE:

This is an action of *assumpsit*, brought in the circuit court of Webster county, by C. Mc. Dodrill, against Sherman Gregory, administrator of the estate of V. S. Gregory, deceased. Dodrill having died, the action was revived in the name of his executors. The object of the action is to recover the balance claimed to be due on a note executed by V. S. Gregory, in his life time, to C. Mc. Dodrill. The defendant filed two special pleas, which, however, are not copied into the record, and also filed the plea of *non-assumpsit.*

On the trial, which resulted in a judgment in favor of the plaintiffs, it was admitted that the note sued on was found in the papers of V. S. Gregory after his death.

The plaintiffs claim that the note in question was left with Gregory by Dodrill, for the purpose of having Gregory to indorse a credit thereon, and that it has not been paid. The jury, after hearing all the evidence, found this fact for the plaintiffs, which was approved by the trial judge, and we cannot disturb this finding, unless the evidence wholly fails to establish the plaintiffs' case. Upon a review and careful consideration of the evidence, we not only conclude that the verdict is justified thereby, but think it is eminently proper.

The defendant complains that the court improperly instructed the jury for the plaintiff. The first instruction told them that the burden was on the defendant to show, by a

preponderance of the testimony, that the note in question had been paid. This proposition is so elementary that it is hardly necessary to refer to it. But it is said that inasmuch as the note was found among the papers of Gregory, after his death, that this rule does not obtain. We fail to observe the distinction. From the possession of the note by Gregory, there arises a presumption of payment—not such a presumption, however, as changes the burden of proof as to showing payment, which is always with the defendant. If the note had been held by Dodrill, its introduction in evidence would have made a *prima facie* case; it being found among the papers of Gregory, however, it was necessary to show something more, in order to make such case, that is, that the note was placed in Gregory's hands for a specific purpose. This was shown, and if the defendant relied upon payment, the burden was upon him to establish his defense by a preponderance of the evidence.

But again, in instruction No. 2, the court fully instructed the jury upon this question. They were told that the possession of the note was *prima facie* evidence of its payment, and in the absence of proof to the contrary, such evidence would create a presumption of payment, and were further told that while such presumption would arise from its possession, yet it could be rebutted by proof to the contrary; and in instruction "A," for the defendant, the court instructed the jury that the possession of a note for the payment of money, after it falls due, is presumptive evidence of the payment thereof.

Instruction No. 2 is also criticised because it is said that the jury were not directed to be controlled by the evidence, but that they are told "if they *believe*," and not that "if they believe from the *evidence*," that they should find, etc. We do not think this instruction subject to this criticism, because it does not omit to tell the jury that they shall be governed by the evidence, but this fact is especially called to their attention in the beginning of the instruction, wherein the court instructs them that in arriving at their verdict, only such evidence as was actually introduced, and not any evidence sought to be introduced and excluded by the court, is to be considered by them. And then, again, in another part of the instruction, the evidence is referred to. Therefore,

we think these instructions are free from criticism, and were proper to be given, and, upon the whole, we think the jury were fairly instructed as to the law of the case.

The judgment of the circuit court is, therefore, affirmed.

*Affirmed.*