# CHARLESTON.

WALDRON *v.* W. M. RITTER LUMBER COMPANY.

Submitted June 9, 1911.　Decided March 5, 1912.

INJUNCTION—*Trespass.*

> Equity, at the suit of a claimant out of possession, will enjoin the cutting of timber by another claimant, pending a suit at law brought or about to be brought to try the legal title thereto.

(BRANNON, PRESIDENT, absent).

Appeal from Circuit Court, McDowell County.

Bill by John W. Waldron against W. M. Ritter Lumber Company. Decree for plaintiff, and defendant appeals.

*Affirmed.*

*Cook, Litz* and *Howard,* and *Anderson, Strother & Hughes,* for appellant.

*Sanders & Crockett,* for appellee..

MILLER, JUDGE:

Defendant has appealed from sundry decrees refusing to dissolve and continuing in force the injunction, awarded on the original bill, on May 27, 1910, restraining it from cutting and removing the timber on a tract of land in McDowell county. By the last of said decrees, pronounced in vacation on September 7, 1910, the court below, on the second amended and supplemental bill filed, and demurrer and answer of defendants thereto, and on the respective motions of the defendant to

dissolve and of the plaintiff to continue said injunction, refused to dissolve the same and ordered that it be continued in force until the final hearing.

Plaintiff in his second amended and supplemental bill alleges that learning from the answers of defendants that they denied plaintiff's title to the land in controversy, he had instituted a suit in ejectment to try the title; and the prayer of that bill is that the injunction theretofore awarded be continued until the final determination of that action, and for general relief.

On awarding an appeal from said decrees this Court on September 10, 1910, ordered that said injunction be thereby stayed and wholly suspended in its operation pending the determination of the appeal and *supersedeas* here, or until the further order of the court, such suspension to be ineffective, however, until appellant or some one for it should have given bond before the clerk of· the circuit court, with good personal security, to be approved by him, in the penalty of twenty-five hundred dollars, conditioned to protect and save harmless the plaintiff from any and all damages incurred by reason of such suspension of the injunction, if the appeal and *supersedeas* should be dismissed or determined adversely to appellant, and otherwise conditioned according to law.

In the recent case of *Pardee* v. *Camden Lumber Company,* 70 W. Va. 68, 73 S. E. 82, we decided, fourth point of the syllabus, overruling prior decisions, that "When the title to land is in dispute, and an action of ejectment has been, or is about to be, instituted by the claimant out of possession, he may enjoin the other from cutting timber on the land pending the determination of the question of title in the law court." The principles enunciated in that case control this, and for the reasons there given, we affirm the decrees.

The decree of affirmance here will provide, however, that right of action on said suspending bond, if one has been executed by appellant, be stayed to abide the final judgment and determination of said suit in ejectment.

*Affirmed.*