## CHARLESTON

PARDEE & CURTIN LUMBER COMPANY *v.* ODELL *et al.*

ODELL, *et al. v.* PARDEE & CURTIN LUMBER COMPANY.

Submitted January 30, 1912.    Decided October 29, 1912.

1.  INJUNCTION—*Trespass to Real Estate.*
    Equity will not take jurisdiction for the sole purpose of enjoining trespass to real estate.  (p. 209).

2.  SAME—*Trespass—Cutting Timber.*
    But if the title be undisputed or it is made clearly to appear

that defendant has in fact no title, legal or equitable, equity will, at the suit of a party in possession or out of possession, but with right of possession, enjoin the cutting of timber. (p. 209).

3. SAME—*Trespass—Disputed Title.*
   Where the title to land is in dispute, the cutting of timber by one claiming title will not be enjoined unless it be alleged and proven that a suit has been or is about to be brought to try the title. (p. 209).

(WILLIAMS, JUDGE, absent.)

Appeal from Circuit Court, Nicholas County.

Bill by the Pardee & Curtin Lumber Company against John F. Odell and others, with cross-bill by defendants. From the decree, defendants appeal.

*Affirmed.*

*Brown & Eddy, G. G. Duff, A. W. Corley, W. C. Reddy,* and *Craig & Wolverton,* for appellants.

*Haymond & Fox,* for appellee.

MILLER, JUDGE:

These are cross suits. The original bill was filed by the plaintiff in No. 1880, and a preliminary injunction was awarded, which was dissolved on motion of the defendants, on the bill, answer and *ex parte* affidavits filed; but the bill was not dismissed. From that decree plaintiff appealed. On the answer and cross bill of plaintiffs in cause No. 1916, filed after dissolution of the injunction in No. 1880, a preliminary injunction was awarded, which on bill, answer and *ex parte* affidavits filed, was likewise dissolved, and from that decree plaintiffs therein have appealed. Both causes are now before us upon the cross appeals of appellants in each case.

The bills in each case are purely injunction bills; no other relief is sought. The relief sought in the first cause is predicated on the theory of good title in plaintiff to the timber of certain dimensions, alleged to have been purchased by it, by contract in writing, from the Gauley Coal Land Company, covering a tract of 4,516.8 acres of land in Nicholas county; and on the theory that defendants, without any right or title, had entered on a portion of this land unlawfully, and were attempting to

interfere with plaintiff in the removal of the timber, by stretching wires from tree to tree to prevent access to the land, and by obstructing roads and roadways used for removing the timber, and had built a house across one of the roads, and had threatened violence to plaintiff's employees, which, owing to the great force of men employed, and the necessity for supplying the mills with timber, would result in great and irreparable loss and injury, that could not be compensated in damages. The bill contains no charge of cutting timber by defendants, or of other injury or damage to the land.

The answer of defendants denies title in plaintiff, and asserts title in themselves by right of inheritance and by deeds, referred to or exhibited with the answer and cross bill.

Plaintiffs in their cross bill, so-called, who were not parties defendant to the original bill, but were represented only, if at all, by co-parceners, who were parties, alleging and deraigning title in themselves, by deeds and otherwise, further allege as grounds for affirmative relief, that the Pardee & Curtin Lumber Company, defendant, had entered upon one hundred and fifty odd acres, the land actually in controversy, and belonging to them, and their co-heirs, without right or title thereto, and were engaged in cutting and removing the timber therefrom, to the great injury and damage of plaintiffs, and against which they sought the injunction prayed for.

We are of opinion that the decrees below in each case, appealed from, are clearly right, and should be affirmed. Counsel for the appellant in the first cause, in their brief, without citation of authority, seek to support the bill upon the theory of repeated trespasses, and a necessity for the resort to equity to avoid a multiplicity of suits, and of course upon the theory of alleged good title to the timber in the plaintiff, and no title in the defendants. But the answer of defendants puts in issue every material fact alleged, and asserts title in themselves, not only by deeds of inheritance, but by actual possession by themselves and their ancestors for more than thirty years, by residence and enclosed fields, of the land in dispute; but actual occupancy of the forest land, except as aforesaid, is not averred, except to prevent trespass by the plaintiff.

It is claimed that the deeds relied on do not cover the land

in dispute; that the tax deed, from Hamilton, clerk, to John B. Odell, the ancestor, particularly relied upon, is so indefinite and uncertain in description, as to render it void and of no effect to confer title on the grantee or his heirs. But it is conceded that the outside boundaries of one of the two large surveys described in the deed do cover the land in controversy. The contention of counsel for plaintiff in the original bill, however, is that nothing would be left after excluding the excepted boundaries. Whether this is so or not, it is impossible for us on this record to say. All we can say is, that it appears possible by a survey of the outside boundaries, and of the boundaries of the excepted grants and conveyances, to locate the land claimed by the defendants, if any land remains, as they stoutly contend is the fact.

It is well settled in this State that equity will not take jurisdiction for the sole purpose of enjoining trespass to real estate, where the title is in dispute. *Cox* v. *Douglas,* 20 W. Va. 175, and cases cited; *Lazzell* v. *Garlow,* 44 W. Va. 466; *Freer* v. *Davis,* 52 W. Va. 1, 9. But if the title be undisputed, or it is made clearly to appear that the defendant has in fact no title, legal or equitable, equity will at the suit of a party in possession, or out of possession, but with right of possession, enjoin the cutting of timber or other waste thereon, amounting to a destruction of the substance of the inheritance. *Electro Metallurgical Co.* v. *Montgomery,* 70 W. Va. 754, 74 S. E. 994. But the original bill presents no case covered by these decisions, and clearly there was no jurisdiction to enjoin defendants.

Next as to the cross bill. This bill, while alleging good title in the plaintiffs and want of title in defendant, also alleges the cutting of timber. But it concedes that the defendant has entered upon the lands and has at least occupied a portion of the forest land with its men and roadways for cutting and removing the timber, and to that extent worked an ouster of plaintiffs. Moreover, defendant by its answer alleges not only possession, but title in itself. The cross bill does not allege that a suit has been or is about to be brought by plaintiffs to try the title. Without such allegation and proof of the fact alleged equity will not enjoin the defendant from cutting timber.

This rule is well established not only by some of the decisions already cited, but particularly by the recent cases of *Pardee* v. *Camden Lumber Co.*, 70 W. Va. 68, 73 S. E. 82; *Waldron* v. *W. M. Ritter Lumber Co.*, 70 W. Va. 470, 74 S. E. 687. See, also, *Callaway* v. *Webster*, 98 Va. 790.

Other questions argued and presented by the briefs of counsel become immaterial. The decrees appealed from in both cases are affirmed, with costs to the appellees in each case.

*Affirmed.*