## CHARLESTON.

BLANCHE KESLING *v.* FORD MICK *et al.*
*and*
BUCKHANNON MOTOR SALES COMPANY *v.* FORD MICK *et al.*

(No. 5886)

Submitted April 19, 1927.    Decided April 26, 1927.

1.  CONVEYANCE—*In Suit to Set Aside Conveyance of Land as Voluntary and Without Consideration, Onus Probandi is on Him Who Charges Fraud, Until He Has Made Out Prima Facie Case, Burden of Establishing Fairness of Transaction is Not ˜Shifted to Him Who Seeks to Uphold it.*

    In a suit to set aside a conveyance of land as voluntary and without consideration, the *onus probandi* is on him who

charges fraud, and until he has made out a prima facie case, the burden of establishing the fairness of the transaction is not shifted to him who seeks to uphold it.   (p. 488).

2.   SAME—*Conveyance of Land Between Near Relatives is Not Badge of Fraud When Attacked by Creditors, Though it May Require Less Proof to Show Fraud Than Where Such Relationship Does Not Exist.*

A conveyance of land between near relatives is not a badge of fraud when attacked by creditors, though it may require less proof to show fraud than where such relationship does not exist.   (p. 489).

Appeal from Circuit Court, Upshur County.

Action by Blanche Kesling, plaintiff below, against Ford Mick and R. L. Mick, defendants below.   And Buckhannon Motor Sales Company against Ford Mick and L. R. Mick.

*Decree reversed; bills dismissed.*

*Young & McWhorter,* for appellees.

*J. M. N. Downes,* for appellants.

MILLER, JUDGE:

Each of the plaintiffs herein brought a separate suit, praying to have set aside a deed from the defendant Ford Mick to the defendant L. R. Mick.   The two causes were consolidated and heard together in the circuit court.   Upon bills, answers, and replications thereto, the court found that the conveyance was voluntary, and without consideration, as to the claims of the two plaintiffs, and canceled and set the same aside as to them.

Each of the bills alleges that the conveyance sought to be set aside was without consideration, and the recital therein as to consideration false, fictitious and fraudulent; and that the said deed was made for the purpose of delaying and defrauding the grantor's creditors, of which fact the grantee had full knowledge at the time, and participated in the fraudulent transaction.   In addition, the bill of Blanche Kesling alleges that the defendants are cousins; and the bill of the other plaintiff alleges that "the said defendant Ford Mick

aside from said land is insolvent,'' and that an execution upon a judgment for its claim was returned with the endorsement, "no property found.'' But it is not alleged when such return was made. The deed in question was executed, acknowledged and admitted to record July 26, 1924; and the two suits appear to have been instituted in the year 1926.

The deed recites a consideration of one thousand dollars, ''one hundred and eighty-two dollars to be paid to Edwin Starcher in satisfaction of a note dated about the 1st day of March, 1924, executed by the said first party and payable to the said Edwin Starcher in eight months from date, and the residue of eight hundred and eighteen dollars is paid in cash, the receipt of which is hereby acknowledged.''

By their separate answers to each of the bills, the defendants deny every material allegation thereof. They explain the manner in which the full payment of the thousand dollars was made—the payment of the Starcher note, and a settlement between the parties, by which it appears that Ford Mick owed L. R. Mick considerable sums of money, the items for which are set out in the answers, one of them being to satisfy a judgment of the plaintiff Buckhannon Motor Sales Company against Ford Mick, but not the one sued on in this cause, and the remainder of about $80.00 paid in cash at the time of the conveyance. The defendant Ford Mick admits that he is a distant relative of L. R. Mick, that according to his best information his grandfather was a first or second cousin of L. R. Mick's father. He denies collusion, and says that if the defendant L. R. Mick had any knowledge of his indebtedness to plaintiffs, he knew nothing of it, and did not inform him of the fact.

The defendant L. R. Mick denies knowledge of the fact that Ford Mick was indebted to either of the plaintiffs, except the judgment he paid off before the conveyance was made, alleged to have been accounted for in the settlement. Both deny the allegations in the bill that ''ever since the conveyance the said Fork Mick has retained possession of said land, paying the taxes thereon and treating the same in all respects

as his own," and L. R. Mick alleges that he took immediate possession of the land, paid the taxes thereon for the years 1924 and 1925, and has ever since lived upon it and made extensive improvements thereon.

It will be noted that the only finding of fact by the circuit court was that the conveyance in question "was voluntary, and without consideration, and therefore, void as to the debts of the plaintiffs." Plaintiffs seek to sustain this finding by relying on the principle laid down and followed in a number of our cases, that: "Where a conveyance is attacked as fraudulent, and the fraudulent intent of the grantor is shown, it is incumbent on the grantee to prove that he is a purchaser for value; and if he fails to do so, he will be regarded as having been a party to the fraud." *Dudley* v. *Buckley,* 68 W. Va. 630; *Ridenour* v. *Roach,* 77 W. Va. 551; *Reilly* v. *Barr,* 43 W. Va. 96; and cases cited in the opinions therein. It is undoubtedly true, that where the evidence shows a prima facie case of fraud, the burden shifts to the upholder of the transaction to establish its fairness. 6 Enc. Dig. Va. & W. Va. Rep. 660, and cases cited.

But here no evidence of the alleged fraud was produced. The decree complained of was entered on the bills, answers, and replications alone. Defendants denied in their answers every allegation of fact relied on to constitute fraud; and the plaintiffs offered no evidence to make out a prima facie case in their favor. There must be evidence of fraud or fraudulent intent, to establish a prima facie case. "The *onus probandi* is on him who alleges fraud, and, if the fraud is not strictly and clearly proved as it is alleged, relief can not be granted." *Board of Trustees* v. *Blair,* 45 W. Va. 812. "Where a suit is brought by a creditor assailing a transfer of property by his debtor as fraudulent and made with intent to hinder, delay, and defraud him in the collection of his debt, the proof of fraud rests on the party who alleges it, but circumstances may exist which will shift the burden of proof from the party impeaching the transaction onto the party upholding it." *Butler* v. *Thompson,* 45 W. Va. 660. And while it is not necessary to establish fraud by direct and

positive proof, it is a universal principle of both law and equity that the law never presumes fraud; and, therefore, the burden of proof rests upon the creditor whenever he assails a transfer for fraud. Bump on Fraudulent Conveyances (4th ed.), sec. 611.

In this case the material allegations of plaintiff's bills are denied. · The deed states a good and valuable consideration, and while it is true that as to third persons the consideration named in the conveyance may be inquired into, no evidence was taken on this question, to make out a prima facie case in favor of plaintiffs, and shift the burden of proving the bona fides of the transaction onto the defendants. ˙The allegations in the answers on the question of consideration are not by way of confession and avoidance, as claimed by plaintiffs, but simply explain the manner in which the consideration was paid. At most, they would indicate a preference in favor of the defendant L. R. Mick, also a creditor of Ford Mick. ˙ The question of insolvency was not passed upon by the circuit court; and besides, the suits were brought too late to set aside the conveyance on that ground. Code, Chapter 74, section 2. For it is alleged that the defendant Ford Mick became insolvent by the act of making the conveyance, which was a year and a half before the institution of the suits; and the deed was admitted to record the day it was made.

As to the charge that the defendants are cousins: "A conveyance of land between near relatives is not a badge of fraud when such conveyance is attacked by creditors, though it may require less proof to show fraud than where such relationship does not exist." *Miller* v. *Correll,* 97 W. Va. 215, and cases cited. "The mere relationship of parent and son does˙not shift the burden from plaintiff to defendant, even though the son roomed and boarded with the parent when the debt was incurred and reduced to the prior lien." *Morris Rosenbloom & Co.* v. *Russ,* 103 W. Va. 203, 136 S. E. 846; 27 C. J. 790.

The decree appealed from will be reversed, and plaintiff's bills dismissed.

*Decree reversed; bills dismissed.*