# CHARLESTON.

G. A. Swope *et al. v.* C. W. Wade *et al.*

(No. 6203)

Submitted October 23, 1928.   Decided October 30, 1928.

*Harmon & Howard,* for appellants.
*Strother, Sale, Curd & Tucker,* for appellees.

MAXWELL, JUDGE:

In this suit in equity instituted in the circuit court of Mc-- Dowell county by G. A. Swope and others, creditors of C. W. Wade and Minnie Wade, his wife, against the said Wades and W. M. Wade, a brother of C. W. Wade, the plaintiffs seek to· set aside as fraudulent a deed of conveyance of real estate· executed the 12th day of January, 1925, by C. W. Wade and wife to W. M. Wade. The circuit court found that the plain-- tiffs were not entitled to the relief for which they prayed and dismissed their bill; and from that action of the court they· appeal.

In a deed dated the 8th day of December, 1923, E. W. Cul-- len in his own right, and as trustee, and Eva Cullen, his wife, conveyed to Minnie Wade, in consideration of the sum of $9,000.00, all of which was to be paid in deferred installments. represented by notes, certain real estate in the city of Welch, McDowell county, West Virginia. It being later considered that the said deed was not sufficient in that E. W. Cullen's. co-owners of said property did not join in the execution of the deed, a second deed, under date of August 8, 1924, was exe- cuted to Minnie Wade for the said property. In this later deed E. W. Cullen's associates, H. H. Riley and G. A. Swope, joined with him as grantors. On the same day Minnie Wade· and C. W. Wade executed to J. N. Harmon, Jr., and another, trustees, a deed of trust on said property to secure to Cullen, Riley and Swope the payment of a note of $9,000.00 of even date with said trust. This note was representative of the· purchase price of said lot and was to be payable in monthly installments of $200.00 each, with interest, and there was. included in the note a so-called accelerating clause making:

all installments due and payable upon default in the payment of as many as three consecutive monthly installments.

Some months later, the grantee being in default of the payment of three or more monthly installments, as provided for in the note, the trustees subjected said property to sale at public auction and sold the same to the said Swope and Riley, for the sum of $5,000.00, they being the highest bidders. A deed for said property was executed by the trustees to said purchasers January 21, 1925. Following the trustees' sale Cullen, Riley and Swope instituted an action at law in the circuit court of McDowell county against C. W. Wade and Minnie Wade, and at the February, 1925, term of said court, obtained judgment against the defendants for the sum of $4,093.25, being the amount of the unpaid balance of the purchase money for said property over and above the amount for which the property was sold at the trustees' sale. This judgment has not been discharged and in their efforts to enforce payment of the same, the plaintiffs in this suit undertake to pursue certain other real estate formerly owned by C. W. Wade and Minnie Wade. This real estate was by deed of the 12th of January, 1925, conveyed by its said owners to the defendant W. M. Wade for a purported consideration of $8,000.00 recited in the deed as cash in hand.

It appears from the record that the Wades are colored people of limited education. W. M. Wade, designated in the record as "Willie", appears to be a respected citizen who, through thrift and industry, has accumulated some property of consequence. His brother, C. W. Wade, referred to in the record as "Boss", has had a less fortunate career. His mercantile or restaurant business has been the occasion of many executions against him for the collection of debts reduced to judgment, and his "bootlegging" activities have subjected him to not infrequent fines and jail sentences. Repeatedly, when he was in trouble and needed funds to satisfy executions or to pay fines and court costs, his more thrifty brother came to his rescue by advancing the necessary funds.

Plaintiffs allege that both Boss and Minnie were insolvent at the time of their said conveyance to Willie. This is not denied in any of the answers, but the defendants all deny any

fraudulent intent in the transaction. It is further alleged that the said conveyance was without valuable consideration to support it. This is denied, and in support of the denial the defendants testify that the consideration paid and to be paid considerably exceeds the value of the property. The present value, according to the testimony of a real estate broker of the city of Welch, is about five or six thousand dollars.

The testimony of the defendants is that the month of January, 1925, found Boss involved in criminal proceedings in Tazewell county, Virginia, and being sorely in need of funds he besought assistance of Willie; in this situation an arrangement was effected by which Boss and Minnie conveyed their said other property, by deed of January 12, 1925, to Willie, in consideration whereof Willie paid Boss $1,000.00 in cash, cancelled the indebtedness of the grantors to him, which had been accumulating through the years and which aggregated approximately $7,000.00 according to Willie's testimony, and assumed the unpaid purchase money notes of about $7,000.00 owing by Boss and Minnie to their grantor, T. L. Lambert.

The plaintiffs challenge the verity of the defendants' explanation of this transaction. They say that the purported payment of $1,000.00 in cash, and the alleged permitting of loans not evidenced by notes or other sufficient memoranda to accumulate to the extent of $7,000.00, are improbable; that the fact that Boss and Minnie remained in possession of the property after the conveyance to Willie is *prima facie* evidence of fraud; that the fact that the transaction was between near relatives subjects it to grave suspicion; that the inability of the parties to produce more definite memoranda in support of their contention is a badge of fraud; and that certain statements made by Boss to disinterested persons indicated that he was endeavoring to dispose of his property in order to defeat the claim of the plaintiffs. Further it is said there are inconsistencies in the testimony of the defendants indicative of untruthfulness.

In explanation of the continued possession of the grantors, it is made to appear that the building is used for both business and residential purposes; that the grantee rents one of the store rooms to third parties, and that the grantors pay a

substantial rent to the grantee for the other business room and the residential portion of the building.

The defendants are not experienced in business. Their dealings must not be weighed with the strictness that would be applied to people better educated and more experienced in business affairs. Neither their lack of more complete and satisfactory memoranda nor the unimportant inconsistencies of testimony in a few details is of controlling importance. Nor is there brought home to Willie any knowledge of fraudulent intent on the part of the grantors, even if there be anything in the words or conduct of either of them to indicate such intent.

The circuit court considered all of this testimony and based its decree thereon. This Court can not disturb that decree unless we find that it is against the weight of the evidence. *Davis* v. *Davis Trust Company*, (W. Va.) 147 S. E. 490, and cases cited. A careful examination of the record does not indicate to us that the finding of the circuit court is other than in accord with the weight of the testimony. The burden was on the plaintiffs, *Miller* v. *Correll*, 97 W. Va. 215; *Greer* v. *O'Brien*, 36 W. Va. 277, and the circuit court in weighing the evidence was warranted in finding that the burden had not been discharged. The evidence amply justifies the belief that a valuable consideration was paid for the property and that the grantee had no notice, direct or otherwise, of fraudulent intent on the part of the grantors, if, in fact, such intent existed.

In their supplemental answer the defendants, C. W. Wade and Minnie Wade, allege that the deed of trust of August 8, 1924, was executed incident to the corrective deed of that date; that the said trust placed on them more burdensome terms than were contained in their contract of purchase as evidenced by the deed of December 8, 1923, and that the said imposition of additional burden was without consideration and is therefore void. They pray that the trust deed be set aside and held for naught and for such other relief as would attend thereupon. The failure of the circuit court to act affirmatively on said prayer of the supplemental answer, C. W. Wade and Minnie Wade cross-assign as error. The mat-

ter thus complained of is not an equity arising out of the original suit. It is purely collateral. The circuit court was clearly right in disregarding the same as not incident to the suit. No decree can be founded on new and distinct matters, sought to be injected in an answer or, cross-bill but not embraced in the original suit. *Stifel* v. *Hannan,* 95 W. Va. 617.

Perceiving no error, we affirm the decree.

*Affirmed.*