FIRST NATIONAL BANK OF SOUTH CHARLESTON *v.* S. D. McCLOUD *et al.*

(No. 7117)

Submitted September 13, 1932.   Decided September 20, 1932.

*H. W. Bowers* and *Morton & Snyder,* for appellant.

*Brown, Jackson & Knight,* for appellee Citizens' Nat. Bank of Parkersburg.

WOODS, JUDGE:

This is a suit by the First National Bank of South Charleston, as holder of a certain $3,500.00 check, made payable to "cash", against S. D. McCloud and the Citizens National

Bank of Parkersburg, drawer and drawee, respectively. The holder accepted the check upon presentment by the drawer and credited the latter with the amount appearing on the face thereof, and permitted the drawer to at once check against this deposit. The drawee did not honor the check when presented by the holder for payment, but returned the same with the notation "not sufficient funds". Liability is asserted against the drawee upon the theory that the holder is an equitable assignee to the extent of $3,500.00 of certain funds alleged to have been on deposit in the drawee bank at the time the check was presented, and that the refusal to accept same, when the ledger showed $4,584.00 on deposit, amounted to a fraud upon the holder, rendering the bank liable notwithstanding section 189, Negotiable Instruments Law (Code 1931, 46-16-6), that: "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check." The chancellor, after considering the testimony, entered a decree in favor of the plaintiff against the drawer, but dismissed the case as to the drawee bank. It is from the dismissal that the plaintiff prosecutes this appeal.

Inasmuch as plaintiff's bill is based upon an alleged fraud practiced upon it by the drawee bank, we will first determine whether or not it has borne the burden cast upon it of showing the same. It appears from the record that, on November 9, . 1929, McCloud entered into a contract with Thomas Logan, Henry Logan and Samuel Logan of Parkersburg, for the construction of a building in that city. McCloud, who lived in South Charleston part of the time, for some eight years prior to March 1, 1930, had been a customer of the plaintiff bank. Samuel Logan was president of the defendant bank. Due to Logan's verbal guaranty, the cashier of defendant bank cashed two checks for McCloud drawn on the plaintiff bank on February 15th and 22nd, respectively. Shortly after the second check had been cashed the first was returned to the defendant bank with the notation "not sufficient funds". Thereafter, at a conference, in which Thomas Logan, Samuel Logan, W. F. Miller (an architect) and McCloud participated,

the latter, according to Samuel Logan, was taken to task for failing to have funds in the plaintiff bank to meet the.last mentioned check, and also in not applying the money advanced on former estimates to the bills upon which same were based. Logan states he informed McCloud during the conference that no further estimates would be paid unless arrangements could be made to assure a proper disbursement thereof; and, that McCloud agreed to supervision in the disbursement thereof by himself (Logan) and Miller, and that the amount of the two checks cashed by defendant bank on Logan's guarantee be withheld pending payment.  Samuel Logan further testified that on March 1, 1930, the date of the deposit of a check covering estimate of $14,773.22, he told the cashier of defendant bank, in McCloud's presence, that the latter had agreed that the money so deposited was to be paid as designated for labor, materials and supplies on the Logan Building, and that no checks were to be honored except those approved by Miller or himself; and that the amount of the two checks aforesaid (no notice at the time having been received that same had been honored by drawee bank) was to be temporarily withheld.  The cashier corroborates Logan in that the latter informed him, in McCloud's presence, concerning the purpose of the deposit, and that no checks were to be honored except on Logan's o.k., and that McCloud. offered no objection.  McCloud denies any such conversation in his presence. After the deposit was made, the cashier placed a pencil notation on the original ledger sheet of the amounts of the two checks cashed for· McCloud.  Notice of payment of these checks was not received by defendant bank until March 10, 1930.  On March 3, 1930, the $3,500.00 check, upon which this suit is based, was issued and taken by the plaintiff bank. On March 7th it was presented at Parkersburg for collection, at which time the ledger sheet, after deducting the two checks still noted as outstanding, showed a balance much less than $3,500.00.  Why McCloud attempted to draw out $3,500.00 of the $14,773.22 estimate on "cash", we cannot understand, in view of the above admission that Logan required him to deposit the estimate in defendant bank.  The chancellor found that "there was an agreement between said bank, said

McCloud and Samuel Logan" not to pay money out except on the o.k. of Logan. .In view of the record, we would not be warranted in disturbing that finding. *Watson* v. *Linger,* 108 W. Va. 180, 150 S. E. 525; *Davis* v. *Davis Trust Co.,* 107 W. Va. 141, 147 S. E. 490; *Kincaid* v. *Evans,* 106 W. Va. 605, 146 S. E. 620; *McBee* v. *Deusenberry,* 99 W. Va. 176, 128 S. E. 378. The defendant bank, under such circumstances, was warranted in refusing acceptance, and therefore could not be guilty of a fraud upon the plaintiff. Therefore, it becomes unnecessary to consider the question of whether or not fraud was sufficiently alleged in plaintiff's bill, and whether or not a bank can arbitrarily refuse, under section 189, Negotiable Instruments Law, *supra,* to accept a check drawn against a fund deposited with it, if the fund is sufficient to pay the check.

The action of the chancellor must be affirmed.

*Affirmed.*