G. T. Saunders *v.* C. J. Huffman *et al.*

(No. 8466)

Submitted May 18, 1937. Decided June 8, 1937.

*Fisher F. Scaggs,* for appellant.
*Thomas West,* for appellees.

RILEY, JUDGE:

This is the suit of G. T. Saunders against the defendants, C. J. Huffman, The Edward Oil & Gas Company, a corporation, D. G. Spurlock and C. H. Saunders, to enforce a vendor's lien. The plaintiff prosecutes this appeal from an order decreeing that he was not entitled to recover the claim set up in his original and amended bills of complaint, and in dismissing the cause.

The plaintiff, G. T. Saunders, alleges that on February 7, 1924, he conveyed a certain tract of land in Wayne County to his son, C. H. Saunders, reserving a vendor's lien on the face of the deed to secure the payment of $250.00 of the deferred purchase price, such sum being evidenced by three notes, of even date, in amounts of $50.00, $100.00 and $100.00, due and payable in six, twelve and eighteen months, respectively, after date; that the deed was recorded; that on July 15, 1930, C. H. Saunders deeded the property to the defendant, D. G. Spurlock (son-in-law of G. T. Saunders); that Spurlock conveyed to the defendant, C. J. Huffman, on July 19, 1934; and that Huffman, who was president of The Edward Oil & Gas Company, transferred the property two days later to said Oil Company. Plaintiff

further alleges that the three notes have not been paid, nor any interest thereon; that he is unable, because of loss, destruction or misplacement thereof, to produce said notes; that he never sold, negotiated, or transferred the same to any one; and that he has made repeated demands on Huffman and the Oil Company, but without avail. The bill of complaint concludes with the prayer that the property be sold to satisfy the vendor's lien.

Huffman and The Edward Oil & Gas Company filed a joint and separate answer to the effect that if there was any such lien, it had been paid. C. H. Saunders and D. G. Spurlock filed separate answers. C. H. Saunders denied that anything was due, averring payment by him of the notes about nine years before the filing of his answer; and denies the allegation of the bill of complaint to the effect that none of the notes have been negotiated or assigned.

C. H. Saunders testified, in effect, that he paid off one of said $100.00 notes, possibly the one due in eighteen months after date, to J. D. Spurlock, father of defendant D. G. Spurlock, at Wayne County Bank, some time in August, 1925; that he was not positive whether he made payment of either of the remaining vendor's lien notes to any holder except the plaintiff; that all three notes had been paid prior to the settlement, which was entered into between witness and the plaintiff at the time (1927 or 1928) the former agreed to let the latter remove the timber from the tract; that in such settlement plaintiff returned to witness the last of another series, made up of three unsecured notes in amount of $250.00 each, the last falling due February 7, 1927, given as part payment on the tract in question; and that said note was overdue at the time of its return to its maker. This witness says further that he destroyed the three secured notes after payment, over six years ago; that the first he knew that plaintiff was claiming such notes had not been paid was just after the institution (May 20, 1934) of this suit. Witness states that some time in July, 1934, he made demand upon plaintiff that the lien be released.

The plaintiff states positively that the three vendor's

lien notes have not been paid; that they have been lost or misplaced; that he saw the notes in April, 1934, a day or two before his daughter, with whom he was then living, moved to Wayne; and that he had not sold, negotiated, transferred or assigned said notes, or either of them, to any person. He testified further that he gave J. D. Spurlock a $200.00 note of C. H. Saunders in connection with the purchase of a horse.

C. H. Saunders denies that he ever executed a $200.00 note in favor of his father. Spurlock does not remember the amount of the note given in the horse trade, stating that he always held the horse for $150.00, and that he didn't think that he paid any cash to plaintiff, as testified to by plaintiff. He also admits that C. H. Saunders took up the note, whatever the amount.

In this cause, the only question is one of fact. Had C. H. Saunders paid the three vendor's lien notes? The plaintiff's evidence is to the effect that the notes remain unpaid. On the contrary, the defendants' evidence, standing by itself, is to the effect that the three notes have been paid. The defendants having pleaded the payment of an admitted debt, the burden of proving it rests upon them. *Linn* v. *Collins*, 77 W. Va. 592, 87 S. E. 934, Ann. Cas. 1918C, 86; *Dodrill's Exrs. etc.* v. *Gregory's Admr.*, 60 W. Va. 118, 53 S. E. 922. The plaintiff stresses the fact that the trial chancellor's final decree recited that "the plaintiff waited an unnecessary length of time to institute his suit to enforce the lien claimed by him." But the decree also recites that the court is of the opinion that "the plaintiff has failed to prove all and singular the allegations of his bill in this case to the entire satisfaction of the court." Apparently, the delay of the plaintiff was just an element considered by the court in weighing the evidence between the parties. Whether or not the burden of proving payment has been sustained by the defendants, under the strong conflict of the testimony, is clearly nothing more or less than a question of fact decided by the trial chancellor in favor of the defendants. We are not at liberty to disturb his findings unless they are clearly wrong or against the preponderance of the

evidence. *Spradling* v. *Spradling*, 118 W. Va. 308, 190 S. E. 537; *Wade* v. *Wade*, 115 W. Va. 132, 174 S. E. 787; *Bank* v. *McCloud*, 112 W. Va. 537, 540, 165 S. E. 799; *Davis* v. *Davis Trust Company*, 107 W. Va. 141, 147 S. E. 490; *Kincaid* v. *Evans*, 106 W. Va. 605, 146 S. E. 620. Applying this rule to the facts in the instant case, we therefore affirm the final decree.

*Affirmed.*