W. V. HUTCHINSON *v.* T. F. WALTON *et al.*

(No. 8647)

Submitted March 1, 1938.   Decided March 15, 1938.

*P. M. Ireland,* for appellants.
*W. S. Stuart,* for appellee.

HATCHER, JUDGE:

On November 2, 1928, defendant, T. Frank Walton, owing plaintiff $1,300.00, evidenced by notes due January 10, 1929, conveyed to his sister, Mary P. Walton, his undivided interests in the Walton heirship lands and

in the "Longacre" lands, respectively. These deeds divested Frank of all substantial property interests. This suit was brought to set aside the deeds as voluntary, and made to hinder and defraud plaintiff. The circuit court granted him the relief sought.

Each deed stated a consideration of $750.00. Mary exhibited a check of $750.00, dated November 2, 1928 (the date of the deed), and paid by the bank January 15, 1929, which both she and Frank testified was the consideration for Frank's interest in the Walton lands. The consideration claimed for the interest in the Longacre lands was pre-existing indebtedness. Mary testified: "I loaned Frank money * * * at different times and then when we had our final settlement he said he was paid." Frank testified: "I borrowed money off of Sister Mary to pay on the Longacre place when I purchased it (1920-21) * * * I've borrowed money from Mary * * * for years * * *. I was paid full value." The "final settlement" was not produced, and no details were given of the dates or the amounts of the alleged loans. The quoted testimony is all the evidence relating to the consideration for the second deed. A severe cross-examination of Mary failed to show that she could not have had sufficient money for the two considerations, though she was indefinite for the most part as to dates and sums of money she had acquired. She testified that she did not know of Frank's indebtedness to plaintiff at the time of the conveyances.

The burden of proving fraud rests on the party alleging it. *Kesling* v. *Mick,* 103 W. Va. 485, 138 S. E. 386. In a deed between near relatives, kinship alone is not a badge of fraud. But when in such a deed, the grantor is embarrassed financially, and the transfer embraces all, or nearly all, of his property, leaving him insolvent, fraudulent intent may then be presumed, and the burden of proof shifted "from the party impeaching the transaction on to the party upholding it." *Goshorn* v. *Snodgrass,* 17 W. Va. 717. Accord: *Reilly* v. *Barr,* 34 W. Va. 95, 104-5, 11 S. E. 750; *Butler* v. *Thompson,* 45 W. Va. 660, 31 S. E. 960, 72 Am. St. Rep. 838; *Riker* v. *Gwynne,*

129 App. Div. 112, 113 N. Y S. 404, 406-7; Bump, Fraud. Conv. (4th Ed.), sec. 47; Wait, *idem* (3d Ed.), sec. 231; 27 C. J., *idem*, sec. 146; Kerr, Fraud & M. (6th Ed.), pp. 561-2. This presumption may be overcome, but "fuller and stricter proof" of fairness and good faith is requisite, than if the transaction had been between strangers. *Knight* v. *Capito*, 23 W. Va. 639, 644-5; *Burt* v. *Timmons*, 29 W. Va. 441, 2 S. E. 780, 6 Am. St. Rep. 664; 27 C. J., *supra*, sec. 156. There is no evidence that $750.00 was a materially inadequate price for Frank's interest in the Walton land. His testimony and that of Mary regarding payment for this interest, taken in connection with the check, and not being controverted or otherwise discredited, established the *bona fides* of the transaction on Mary's part. Antecedent indebtedness may be a valid consideration for the conveyance of property by an embarrassed debtor to a kinsman; "but the vendee, to repel the presumption of fraud raised against him, must clearly and fully prove the debt and the amount thereof." *Speidel Grocery Co.* v. *Stark & Co.*, 62 W. Va. 512, 59 S. E. 498. The proof as to the consideration for Frank's interests in the Longacre lands does not meet this test. Such proof is neither *full nor exact*, consisting only of indefinite generalizations of prior loans. The kinship of Frank and Mary, the transfer to her of all property available to his creditors, at a time when he was financially embarrassed, in satisfaction of indefinite antecedent loans from her, constitute "all, or nearly all, of the circumstances that are recognized by the authorities as indicia of fraud." *Riker* v. *Gwynne, supra.* We are therefore of opinion that the conveyance of the Longacre interests was made with intent to hinder, or defraud plaintiff, and as to him is void under Code, 40-1-1.

In Frank's testimony, he claimed there had been partial failure of consideration for the notes, and the claim is advanced by his counsel. But since the claim is not substantial and is not even pleaded, we see no occasion to detail it.

The decree of the circuit court is affirmed as to the transfer of Frank's interests in the Longacre lands, but

is reversed as to the transfer of his interest in the Walton lands, and the cause remanded.

*Affirmed in part; reversed in part; remanded.*