THE ALLEGHENY DEVELOPMENT CORP., INC., *etc.*

*v.*

JULIUS S. BARATI

(No. 14055)

Decided December 19, 1980.

___

*Clark B. Frame* for appellant.

*Mike Magro, Jr.* for appellee.

PER CURIAM:

This is an appeal from an order entered by the Circuit Court of Preston County on December 29, 1976, enjoining the appellant, Julius S. Barati, from trespassing and committing waste upon a 136 acre tract of land. Mr. Barati contends that the circuit court lacked jurisdiction to award equitable relief, that the court improperly placed the burden of opening and closing upon him, and that the court, by procedural rulings, denied him a fair trial. We conclude that the assignments of error are without merit, and we affirm the decision of the circuit court.

Mr. Barati owned the 136 acre tract of land which is at the center of this controversy. In May 1973 he applied for, and

received, a $32,500.00 loan from the Bruceton Bank. To secure the loan, he executed a deed of trust covering the 136 acre tract. Subsequently, he failed to make payments due on the note, and the Bank notified the trustee under the deed of trust to sell the property. The appellee, The Allegheny Development Corporation, Inc., was the high bidder at the sale, and subsequently it received a deed to the tract.

Mr. Barati refused to vacate the premises after the trustee's sale, and he or his lessees or licensees proceeded to strip the overburden from coal on the property. The Allegheny Development Corporation, Inc., then instituted this proceeding. In its complaint Allegheny prayed for an order enjoining Mr. Barati from interfering with its possession and from committing waste. It also prayed for compensatory damages resulting from Mr. Barati's retention and destruction of the property.

After the filing of the complaint, Mr. Barati chose to represent himself, and he filed a *pro se* answer and numerous *pro se* pleadings.

By order entered September 21, 1976, the Circuit Court of Preston County ruled that Mr. Barati's answer contained redundant, immaterial, impertinent, and/or scandalous matter and ordered a portion of that answer stricken under Rule 12(f) of the Rules of Civil Procedure. The court, however, also concluded that Mr. Barati had raised two legitimate defenses: (1) whether he had been induced to execute the deed of trust, which was the source of Allegheny's title, by fraud and false misrepresentation; and (2) whether there had been a default on the note such as would justify a sale of the property under the deed of trust.

On November 8, 1976, the circuit court, after giving the parties ample notice, conducted a trial in the case. At the commencement of trial the judge indicated that he would call a jury and that, "[t]he Jury will be in effect an advisory Jury and will be asked to determine the two issues: The one question of fraud or false misrepresentation and [the other question of] default in the payment."

Also, at the commencement of trial the judge said:

> In this case, the Court has ruled that the defendant, Julius S. Barati, has the burden of proof on the defense he has asserted, therefore the Defendant will have the right to open and close. He will have the right to make his opening statement first and during the testimony he will have the right to introduce his evidence first and he will have the right to make the first closing argument and the last closing argument.

Mr. Barati made no objection to this ruling by the court.

Mr. Barati's first assignment of error is that the Circuit Court of Preston County lacked jurisdiction to hear and act in Allegheny's injunction proceeding when Allegheny had adequate and immediately available remedies at law to gain possession of the property and to recover damages for trespass or waste.

While the general rule is that where the remedy at law is plain, complete, and adequate a court of equity is without jurisdiction to grant injunctive relief,[1] we recognized in Syl. pt. 2, *Consumers Gas Utility Co. v. Wright*, 130 W.Va. 508, 44 S.E.2d 584 (1947) that:

> The mere existence of a legal remedy is not of itself sufficient ground for refusing relief in equity by injuction; nor does the existence or non-existence of a remedy at law afford a test as to the right to relief in equity. It must also appear that it is as practical and efficient to secure the ends of justice and its prompt administration as the remedy in equity. Pt. 2, Syl., *Buskirk v. Sanders*, 70 W.Va. 363, 73 S.E. 937 (1912).

In the leading case of *Pardee v. Camden Lumber Co.*, 70 W.Va. 68, 73 S.E. 82 (1911), Judge Poffenbarger examined the question of when there is a practical and adequate remedy at law for a trespass to real estate and when such trespass will support the award of an injunction. He said:

---

[1] *Severt v. Beckley Coals, Inc.*, 153 W.Va. 600, 170 S.E.2d 577 (1969); *State ex rel. Battle v. Hereford*, 148 W.Va. 97, 133 S.E.2d 86 (1963); *Backus v. Abbot*, 136 W.Va. 891, 69 S.E.2d 48 (1952).

Of course the legal remedy is adequate, if the trespass amounts to nothing more than the trampling of the grass or throwing down of the fences, acts in no way affecting the substance of the estate, but the adequacy of the remedy in such cases does not argue efficacy in those cases in which a part of the real estate is actually severed and carried away to the injury and detriment of the inheritance. *Id.*, at 73, 73 S.E. at 85.

*See, Webber v. Offhaus*, 135 W.Va. 138, 62 S.E.2d 690 (1950); *Waldron v. Ritter Lumber Co.*, 70 W.Va. 470, 74 S.E. 687 (1912); *Williamson v. Jones*, 43 W.Va. 562, 27 S.E. 411 (1897).

Allegheny's complaint alleged that Mr. Barati had removed top soil, rock, and road building materials from the 136 acre tract in issue. Obviously such a trespass involved the severing and carrying away of part of the inheritance, and no award of damages or other relief could restore the real estate to its former *status quo.* The reasoning enunciated in *Pardee, supra,* dictates that an allegation of such a trespass will support an award of equitable relief.

Mr. Barati's second claim is that the trial court erred in requiring him to open and close in the presentation of evidence. He argues that at all times the burden of proof was on the plaintiff and that the court's action denied him an opportunity to present his case effectively.

As a general rule the order of introducing testimony during a trial rests within the sound discretion of the trial court, and a departure from the usual order of introduction of evidence does not constitute error unless it amounts to an abuse of discretion. *Edmiston v. Wilson*, 146 W.Va. 511, 120 S.E.2d 491 (1961); *Farley v. Farley*, 136 W.Va. 598, 68 S.E.2d 353 (1951); *Keatley v. Hanna Chevrolet*, 121 W.Va. 669, 6 S.E.2d 1 (1939); *Weaver v. Wheeling Traction Co.*, 91 W.Va. 528, 114 S.E. 131 (1922); *State v. Weisengoff*, 89 W.Va. 279, 109 S.E. 707 (1921); *State v. Williams*, 49 W.Va. 220, 38 S.E. 495 (1901); *Clarke v. Ohio River Railroad Co.*, 39 W.Va. 732, 20 S.E. 696 (1894); *Johnson v. Burns*, 39 W.Va. 658, 20 S.E. 686 (1894); *Lewis v. Alkire*, 32 W.Va. 504, 9 S.E. 890 (1889); *Bowyer v. Knapp and Martin*, 15 W.Va. 277 (1879).

Closely related to the question of the right to open and close and the order in which evidence is presented is the question of burden of proof. Generally the party having the burden of proof should open and close. *See, McCary v. Monongahela Valley Traction Co.*, 97 W.Va. 306, 125 S.E. 92 (1924); *Huffman v. Alderson's Adms.*, 9 W.Va. 616 (1876). Where fraud is claimed we have said:

> The *onus probandi* is on him who alleges fraud, and, if the fraud is not strictly and clearly proved as it is alleged, relief cannot be granted. Syllabus Point 1, *Board of Trustees v. Blair*, 45 W.Va. 812, 32 S.E. 203 (1899).

*See, Hutchinson v. Walton*, 119 W.Va. 709, 196 S.E. 20 (1938); *Atkinson v. Jones*, 110 W.Va. 463, 158 S.E. 650 (1931); *Swope v. Wade*, 106 W.Va. 265, 145 S.E. 384 (1928); *Kesling v. Mick*, 103 W.Va. 485, 138 S.E. 386 (1927).

Regarding the burden of proof for one alleging payment, we have held that the party who alleges payment has the burden of proving it. *Saunders v. Huffman*, 119 W.Va. 31, 192 S.E. 297 (1937); *Linn v. Collins*, 77 W.Va. 592, 87 S.E. 934 (1916); *Dodrills Exrs. v. Gregory's Admr.*, 60 W.Va. 118, 53 S.E. 922 (1906).

The sole issues before the trial court were whether the execution of the deed of trust was induced by fraud and whether Mr. Barati had avoided default by making payment. Mr. Barati asserted both defenses, and under the principles related above, the burden of proving both defenses was upon him. Inasmuch as the party having the burden of proof should usually open and close, we cannot hold that the trial judge abused his discretion in directing that Mr. Barati first introduce evidence during the trial.

Mr. Barati's third assignment of error is that the trial court erred in following procedures and in making rulings during the proceedings which denied him a constitutionally fair trial. Specifically, Mr. Barati contends that the court erred in placing the burden of proof on him, in refusing to allow him to introduce proof of settlement negotiations, in restricting the issues for trial before the jury to the fraud and payment questions, in ruling as a

matter of law that he was in default, and in failing to follow certain procedural requirements. For the reasons previously stated, Mr. Barati had the burden of proof in this case.

Our law on evidence of settlement negotiations is clear:

> The general rule is that an unaccepted offer to compromise a disputed claim is not admissible as evidence against the party making such offer. Syllabus point 4, *Shaeffer v. Burton*, 151 W.Va. 761, 155 S.E.2d 884 (1967).

*See, Wade v. McDougle*, 59 W.Va. 113, 52 S.E. 1026 (1906). Under this rule the trial court properly excluded the evidence of attempted compromise or settlement.

Throughout the proceedings Mr. Barati chose to represent himself. In the course of that representation he filed voluminous pleadings which contained immaterial and redundant matter.[2] The circuit court on motion of The

---

[2] Examples of irrelevant and redundant material in Mr. Barati's answer include:

Having reported said trespass and harrassment to the immediate superior of Deputy Haney, Cecil R. Strawser and to the public prosicutor (sic), Edward R. Runner, with the intention of fileing (sic) charges and bringing to trial, said Deputy Haney for his lawful trespass and harrassment of delivering threatening papers to the property and home of said defendant, Julius S. Barati and his wife Martha Sproul Barati. And to cause both Mr. Haney and his superior, Cecil R. Strawser to answer and to show cause, why they can use taxpayers vehicles and taxpayer employed deputies to threaten and to coerce and to haras (sic), the law abiding citizens, Julius S. Barati and his wife Martha Sproul Barati. Said papers were not court connected papers. Not more than a personal political favor to the political powerful, Mr. Charles H. Brown and Mr. Paul Thomas of the Bruceton Bank.

. . .

Having learned that Mr. Paul Thomas and Mr. Charles H. Brown, representing the Bruceton Bank, were making a second attempt to blackmail and extort money from the defendant, Julius S. Barati, by these threats of sale of his home and property, Julius S. Barati did put on notice, all the official so-called protectors of the law, acquaintings (sic) of the forth coming sale were made knowledgeable to all the several officials: including:

(1) Edwin C. Runner, Public Prosecutor of Preston County.

Allegheny Development Corporation struck much of the material in accordance with the provisions of Rule 12(f) of the Rules of Civil Procedure which provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

After carefully examining the *pro se* pleadings filed by Mr. Barati, we conclude that the court properly excluded the matter stricken and properly defined the issues raised by Mr. Barati as being fraud and absence of default.

Another element of Mr. Barati's third assignment of error is the contention that the court erred in holding as a matter of law that he was in default.

During the hearing in this case, employees of the Bruceton Bank presented detailed evidence of Mr. Barati's actions with the Bank. That evidence showed that Mr. Barati was in default on the loan secured by the deed of trust on the 136 acre tract. Mr. Barati's testimony involved the validity of the deed of trust. He did not contradict the evidence that he had failed to make payments on the loan secured by the deed of trust, but he took the position that because the Bank owed him money as a result of other, and

---

(2) Sheriff, Cecil R. Strawser, along with his Deputy Haney.

(3) The state police of West Virginia.

(4) The United States District Attorney, Mr. James Copanion (sic), Wheeling.

(5) The Federal Reserve Bank in Richmond, Virginia, Mr. White, Mr. Davis, and Charlotte Waldrop.

All the above were notified that through a criminal conspiray (sic), one Paul Thomas and one Charles H. Brown, did fabricate and did put on record a false deed of trust, which they intended to use to either blackmail and extort money from the defendant, Julius S. Barati, or sell to persons of their choosing, the home and producing farm of the defendant, Julius S. Barati and his wife, Martha Sproul Barati.

completely separate transactions, he was not in default.[3] The unequivocal evidence showed that he was in default.

We have considered Mr. Barati's other contentions, and we conclude that they are without sufficient merit to warrant reversal.

Having found no reversible error, we affirm the judgment of the Circuit Court of Preston County.

*Affirmed.*

---

[3] Mr. Barati's testimony at one point proceeded as follows:

Q. Mr. Barati, were you in default on a payment to the Bruceton Bank at the time of the sale?

Q. Mr. Barati, why do you make a statement you were not in default to the Bruceton Bank?

A. The Bruceton Bank owed Julius S. Barati $39,924.17 that would have been owing to Julius S. Barati on 5/31/1976 from the Bruceton Bank to Julius S. Barati.