# CHARLESTOWN.

McCoy's Exor. *v.* McCoy's Devisees et al.

September 9, 1876.

1. No decree should be rendered affecting the interest of an absent defendant, unless it appear, (if he be not otherwise brought before the court,) that he has been regularly proceeded against by order of publication duly published in a newspaper and posted at the front door of the court house.

2. The objection, for want of due publication against the absent defendant, may be taken by other defendants who may be affected by the decree against him; and if made in the Appellate Court will prove fatal, though the absent defendant was not a party to the appeal.

3. The cause not having been ready for hearing in the court below in the absence of parties who had a right to be heard upon all questions affecting their interest, the order of publication not appearing to have been duly posted, it is in no condition for the Appellate Court to adjudicate any of the principles of the cause, but it should be remanded to the court below, that proper parties be made thereto in order to a hearing and decision of the cause according to the rights of the several parties.

1876.
August Term.

Appeal from a decree of the circuit court of Pendleton county, rendered at the April term, 1872, of said court, in a cause therein pending, in which William McCoy, executor of General William McCoy, deceased, was plaintiff, and Benjamin McCoy, Wellington Holland, Elizabeth Holland, his wife, Wilson G. Reger, Daniel I. Reger, Augustus B. Miller, Artemas Miller, Leora Miller and Addison McCoy, administrator of Lucinda

Rexroad, deceased, devisees of said General William McCoy, were defendants.

The facts of the case appear in the opinion of this Court.

Hon. John T. Hoke, judge of said circuit court presided at the hearing below.

No appearance for appellants.

*A. C. Snyder* for William McCoy's Exor., appellee.

MOORE, JUDGE:

Benjamin McCoy, one of the defendants, has taken this appeal under the law as it existed before the act approved December 21, 1872, and therefore has reached this Court upon undertaking and notice, and not upon appeal granted on petition as now required.

Printed with the record is what purports to be a petition for appeal and *supersedeas*, assigning errors, which has been treated by the appellees in the argument, as the brief of the appellant; and although not strictly within the requisition of the rules, the court, for the purposes of this case, will *ex gratia* so view it.

The first question presented is, as to the execution of the process. It appears that in addition to the home defendants there were many non-resident and also unknown defendants. The record shows that an order of publication as to the non-resident and unknown defendants, was duly published, but there is nothing to show that it was posted as required by statute, "No decree should be rendered affecting the interest of an absent defendant, unless it appear (if it be not otherwise brought before the court,) that he has been regularly proceeded against by order of publication duly published in a newspaper and posted at the front door of the court house." *Craig v. Sebrell*, 9 Gratt. 133, citing *Hadfield v. Jameson*, 2 Munf. 53. In the record before us, we find at the February rules, 1867, a decree *nisi*, at the March rules the "Bill taken for *confessed*," followed by decrees

of the court affecting the interest of absent defendants who have not been brought before the court in any way. But it is argued that "the decrees recite that process was duly served." The only decree that mentions the process is that of April 15, 1870, which recites that the cause came on to be heard "upon the bill, exhibits, summons, returned executed as to the home defendants, *and order of publication as to the absent defendants*," &c. The decree does not state that the order of publication had been duly executed, and is therefore not within the doctrine of *Hunter's ex'ors v. Spotswood*, 1 Wash. 145, nor *Gibson v. White*, 3 Munf. 94, on that point.

But, it is argued that, "the appellant having appeared in the court below, and not objecting, he cannot now be heard to complain on this point."

That position is not tenable, because it is established, that "the objection, for want of due publication against the absent defendant, may be taken by other defendants who may be affected by the decree against him; and if made in the Appellate Court, will prove fatal, though the absent defendant was not a party in the appeal." *Craig v. Sebrell, supra.* It is obvious, as the decree directs the property in which the absent defendants are interested with the appellant, to be sold, the interest of the appellant would be affected, because the property being thus placed under a cloud by the erroneous decree against the absent defendants, would not sell to the advantage it would have done if no such cloud rested upon it. It may be possible that the order of publication was duly made, but as it does not appear so by the record before us. I am of opinion we should follow the course of the appellate court in *Hunter v. Spotswood*; reverse the decree, and remand the cause.

Upon the authority of *Hairston v. Medley*, 1 Gratt. 96, it was not error for the court to allow persons, who had been made parties defendant as unknown devisees, to file answers to the bill and amended bill, without petition.

The cause not having been ready for hearing in the court below, for reasons before stated, it is not in a condition before this Cour', to justify the Court in adjudicating any of the principles of the cause, in the absence of parties who have a right to be heard upon all questions affecting their interest.

The Court is therefore of opinion that the decree of April 18, 1872, confirming the reports of commissioners, and the decree of April —, 1872, designated in the printed record, as the "Final Decree," and which purports to construe the will of William McCoy, deceased, among other things, should be reversed, at the costs of the appellee, to be levied of the assets of his decedent in his hands to be administered, and the cause remanded to the circuit court of Pendleton county, that proper parties may be made thereto in order to a proper hearing and decision of the cause according to the rights of the several parties.

The other Judges concurred.

DECREES REVERSED, AND CAUSE REMANDED.