# CHARLESTON.

STYLES *v.* LAUREL FORK OIL & COAL CO. *et al.*

Submitted June 15, 1898—Decided November 26, 1898.

1. CORPORATION—*Stockholders—Suit to Wind up.*
   In a suit to wind up the affairs of a defunct corporation, the stockholders are necessary parties. (p. 378).

2. PROCESS—*Service of Process—Order of Publication—Record—Decree.*
   Where it does not appear from the record whether process was duly served, or order of publication duly published and posted, or not, except from the decree, which declares that "process was duly served" or "order of publication was duly executed as to the defendants," it will be presumed that it was so served or executed. (p. 379).

3. PROCESS—*Service of Process—Order of Publication—Record—Decree.*
   But when the record shows the process or order of publication, and shows clearly that process was not served or order of publication executed as to any particular defendant, such declaration in the decree will not raise such presumption as to such defendant. (p. 379).

4. Order of Publication—*Construction—Corporation.*

    An order of publication as follows: "West Virginia, to wit: At rules Held in the Clerk's Office of the Circuit Court of Wood County on the first Monday in January, 1897. Robert G. Styles, Administrator of the Estate of W. C. Styles, Jr., Deceased, Complainant, vs. Laurel Fork Oil and Coal Company, a Corporation, and Others, Defendants, In Chancery. The object of this suit is to recover from the defendant the Laurel Fork Oil & Coal, Co., a corporation, $26,646.10 interest and costs, to dissolve and wind up the affairs of said corporation, and distribute the proceeds of sale of property of said corporation, to attach and subject to sale the tract of——acres of land owned by said corporation, to have a receiver appointed for the assets of said corporation, and for general relief; and it appearing by affidavit filed that L. C. Gratz, H. S. Gratz, Ella Fell, Mrs. H. A. Styles, John Scott, and S. G. Rosengardner are not residents of this state, on motion of the complainant, by counsel, it is ordered that said absent defendants do appear within one month after the first publication of this order, and do what is necessary to protect their interests in this suit, and that a copy of this order be forthwith published and posted according to law. (A copy. Teste.) O. M. Clemens, Clerk,"—is not an order of publication against the defendant corporation, under the statute. (p. 378).

Appeal from Circuit Court, Wood County.

Bill by Robert G. Styles, administrator of W. C. Styles, against the Laurel Fork Oil & Coal Company and others. Decree for plaintiff, and defendants appeal.

*Reversed.*

Merrick & Smith, for appellants.

V. B. Archer, for appellee.

McWhorter, Judge:

Robert G. Styles, administrator of the estate of W. C. Styles, deceased, who was a stockholder and creditor of the corporation sued, at the January rules, 1897, filed his bill in equity, at the clerk's office of Wood County circuit court against the Laurel Fork Oil & Coal Company, a corporation, L. C. Gratz, H. S. Gratz, Ella G. Fell, Mrs. H. A. Styles, executrix of the last will and testament of H. A. Styles, deceased, James Scott, S. G. Rosengardner, and others, whose names were unknown, and who were stockholders in said corporation, for the purpose of winding up

the affairs of the defendant corporation, upon the ground that the charter of said corporation had expired, and for the recovery of a money demand against the same. A summons in chancery was issued against the said defendants, but not served on any of them,. and was returned by the sheriff that "the within-named Laurel Fork Coal Company not found, and n ) president or other chief officer or other person found in Wood County, on whom service may be made." On the 6th day of January, 1897, plaintiff made and filed an affidavit setting up a claim for twenty-six thousand six hundred and forty-six dollars and ten cents, against the said defendant corporation, and stating that said defendant's charter expired May 8, 1889, and that it had not appointed any one its attorney in fact on whom process could be served, and there was no person in West Virginia on whom process could be served as to said corporation, and that the other defendants to said suit were nonresidents of West Virginia, and sued out an order of attachment, which he caused to be levied on seven hundred and seventy-four acres of land, the property of said corporation. Plaintiff also filed an affidavit, under the statute, to the fact that said defendant corporation was a corporation, and that no person could be found in Wood County upon whom process could be legally served in said cause, and further, that L. C. Gratz, H. S. Gratz, Ella G. Fell, Mrs. H. A. Styles, James Scott, and S. G. Rosengardner were nonresidents of this State, and sued out at January rules, 1897, an order of publication against the said nonresident defendants. On the 12th day of January, 1897, on motion of the plaintiff, the court appointed Samuel B. Styles special receiver of the property of said defendant corporation, consisting of lands in Wood and Ritchie counties, and also of two producing oil wells therein. On the 19th day of February, the defendants Lewis C. Gratz, Henry S. Gratz, Ella G. Fell, and James P. Scott—all the defendants except S. G. Rosengardner and Mrs. H. A. Styles, executrix, against whom the order of publication was made—appeared and filed their general demurrer to the bill, which, having been considered, was overruled by the court, and said defendants were required to answer within thirty days from that date; and on the 8th day of

May, 1897, said defendants by leave of the court, filed their answer, not waiving any exceptions to the bill on account of any errors therein.   On the 28th of August, 1897, plaintiff filed in open court his answer and special replication to said answer; and, on the 4th day of the following month, the cause was heard as set out in the decree, "upon the order of publication duly executed as to the defendants, upon the bill and exhibits therewith filed, and cause regularly set for hearing at the rules, upon the answer and cross bill of Lewis C. Gratz, Henry S. Gratz, Ella G. Fell, and James P. Scott, filed May 8, 1897, and upon the special replication and answer of the plaintiff to said answer, upon depositions and arguments of counsel," when, on motion of plaintiff, the cause was referred to a commissioner of the court. with directions to take, state, and report to the court:

First, a settlement of the accounts between the plaintiff and the Laurel Fork Oil & Coal Company; second, what liens attached to the real estate owned by the corporation, and the nature, amount, and priority thereof; third, the debts, if any, by simple contract of said corporation; and fourth, the names of the stockholders of said corporation, with the amount of stock held by each, and any other matter deemed pertinent by himself or required by any party in interest,—under which decree, W. W. Jackson, commissioner, made and filed his report, to which the responding defendants filed four exceptions.   And on the 5th day of January, 1898, the cause was heard, the exceptions to the commissioner's report were overruled, a decree entered in favor of plaintiffs against the defendant corporation for five thousand two hundred and thirty dollars and eighteen cents, with interest from date of decree, and providing for the sale of defendant's lands to pay the same, unless the same should be paid within thirty days from that date, and a commissioner appointed to make sale of said land, from which decree the defendants Lewis C. Gratz, Henry S. Gratz, Ella G. Fell, James P. Scott, and Mrs. H. A. Styles, executrix of the last will and testament of Henry A. Styles, deceased, appealed to this Court.

Was the demurrer properly overruled?   The bill in this cause is filed by a stockholder and creditor for the purpose

of not only enforcing the collection of his claim, but for the further purpose, as alleged in the bill, and as prayed for, of winding up the affairs of the corporation by decree in the suit. The bill names the known stockholders, "and others, whose names are unknown, who are stockholders in the Laurel Fork Oil & Coal Co.," as defendants. In a suit to wind up the affairs of a corporation, the stockholders are proper and necessary parties to the suit, being interested, and entitled to the assets after the payment of the debts of the corporation, and the stockholders should be parties in order to a proper distribution of the assets; and the only ground of demurrer urged in this case being for want of such parties, the demurrer was properly overruled, because the stockholders were made parties by the bill naming them in the caption, and the summons was issued against them.

Was the case properly matured when the court heard the cause, and referred it to the commissioner for account? Was the defendant corporation then or since before the court, by any process known to the law? A sufficient affidavit was made upon which to award an order of publication against all the defendants named in the bill, except the parties designated as "unknown stockholders." The order of publication was taken, however, only against the defendants L. C. Gratz, H. S. Gratz, Ella Fell, Mrs. H. A. Styles, James Scott, and S. G. Rosengardner, as non-residents of the state, who, on motion of plaintiff by counsel, were ordered to appear within one month after the first publication of the order, and do what was necessary to protect their interests in the suit. No order of publication was awarded or published either against the defendant corporation or the "unknown parties." No process was served on the corporation, and it entered no appearance.

Appellee insists that "counsel cannot be heard to say that this cause was not matured for hearing as to all the defendants, as the decree made in the case on September 4, 1897, adjudicates this matter as follows: This cause came on this day to be heard upon the order of publication duly executed, as to the defendants;'" and that "want of publication or service as to any party cannot now be ques-

tioned,"— and cites *Shafer* v. *O'Brien*, 31 W. Va., 601, 606, (8 S. E. 298), as "directly in point here." Let us see. In that case the Court says: "It does not appear whether the company was served or not, except from the decree, which declares that process was duly served." The record failing to show whether there was service or not, and the decree declaring that "process was duly served," it was presumed that the proper service was had; but in the case at bar the record shows the order of publication, and shows that it was duly published and posted as to the defendants against whom it was taken, but it shows also upon its face that the defendant corporation was not included among the defendants who were ordered to appear. In the absence from the record of the process, in view of the declaration in the decree that "process was duly served," or that "order of publication was duly executed," the presumption would be that it was so; but when the process or order of publication, with the evidence of its service or execution is shown in the record, and from which it clearly appears that the order was not taken or published as to the defendant corporation, the decree raises no such presumption. The statute (chapter 124 of the Code) provides how nonresident defendants or unknown parties or corporation defendants, when no person can be found in the county upon whom process can be legally served, shall be brought before the court by order of publication; and, in order to have such party proceeded against properly before the court, the statute must be, at least, substantially complied with. Neither the defendant corporation nor all the stockholders thereof were before the court; and as held in *McCoy's Ex'r* v. *McCoy*, 9 W. Va., 443, "no decree should be rendered affecting the interest of an absent defendant, unless it appear—if he be not otherwise brought before the court—that he has been regularly proceeded against by order of publication;" and it is there further held that "the objection for want of due publication against the absent defendant may be taken by other defendants who may be affected by the decree against him, and, if made in the appellate court, will prove fatal, though the absent defendant was not a party to the appeal. The cause not having been ready for hearing in the court below, in the ab-

sence of parties wh) had a right to be heard upon all questions affecting their interests [especially the corporation defendant, upon which no process was served, and for which no appearance was entered, and against which no order of publication was awarded or published or posted], it is no condition for the appellate court to adjudicate any of the principles of the cause."

The decree of January 5, 1898, is reversed, and the cause remanded to the circuit court of Wood County, that proper process may be taken to bring the parties before the court, and the cause heard and decided according to the rights of the parties.

*Reversed.*