# CHARLESTON.

## KIRBY *v.* STEELE.

### Submitted February 2, 1909.   Decided May 11, 1909.

CREDITORS' SUIT—*Parties.*

A person who conveys property to the wife of a debtor, by deed fraudulent as to creditors of the husband, is not a necessary party to a suit by a creditor to subject the land in the wife's hands to the husband's debt. Such grantor is a mere medium of transfer, not a party in interest. (p. 720.)

Appeal from Circuit Court, Cabell County.

Bill of review by T. R. Kirby and wife against L. L. Steele. Decree for plaintiffs, and defendant appeals.

*Reversed.*

BLACKWOOD & SANDERS and SIMMS, ENSLOW, FITZPATRICK & BAKER, for appellant.

SWITZER & WYATT, for appellees.

BRANNON, JUDGE:

L. L. Steele brought a chancery suit against T. R. Kirby and Mary J. Kirby, his wife, to make liable to a debt of Steele against T. R. Kirby a tract of land conveyed to Kirby's wife by L. B. Bowles. The facts are that Kirby owed Steele, and Steele obtained a judgment against Kirby. Kirby owned the tract of land, and made a deed of trust to Morris, trustee, to secure a debt to Bowles. Morris sold the land under the deed of trust, and Bowles purchased it, and the trustee conveyed to Bowles. Then Bowles conveyed the land to Mary J. Kirby. Steele's debt antedated these transactions. Steele's bill charged that Kirby and wife and Bowles formed a combination by which Kirby was to make the deed of trust to secure Bowles, and default in payment, and that Bowles was to cause sale to be made under the trust, buy the land and convey it to Kirby's wife, for the purpose of defrauding Steele out of his debt. It charged that the husband paid Bowles for the land. A decree was made subjecting the land to the debt of Steele, holding the right of Mrs. Kirby void as to the debt. Later Kirby and wife filed a bill of review to reverse the decree for error of law and the court did reverse the decree and enjoin the sale directed by the decree, and Steele appeals.

The court in its decree assigned as ground for reversal the fact that the trustee, Morris, "and the administrator and heirs of L. B. Bowles" were necessary parties. They were not. What interest the trustee? The legal title had passed from him. Bowles was not a necessary party. The legal title had passed from him to Mrs. Kirby. His deed was valid as between him and her, and passed title to her, and is void only as to creditors, and Bowles is not a necessary party. *Herzog* v. *Weiler,* 24 W. Va. 199. Hogg's Eq. Procedure sec. 65, says that a person through whom the fraudulent conveyance passes, acting only as a medium to transfer title, is not a necessary party. Bowles had no title, and the decree does not touch his debt or interest. But where it is a question between fraudulent debtor, the grantor and the grantee and creditor, the grantor being not a stranger acting as a mere medium, it is different; the grantor is in that case a necessary party. *Herzog* v. *Weiler,* just cited, and many others in this court say that a deed to a married woman is presumed fraudulent

as to the husband's creditors, and she must prove that she paid
for the conveyance out of her means.     Not a particle of evidence
meets this requirement.

We reverse the decree made upon the bill of review on the 10th
day of November, 1906, and dismiss the bill of review.

*Reversed.*