WILLIAM BAILEY *and* MARY E. BAILEY

*v.*

KENNETH E. SAVAGE

(No. 13728)

Decided July 12, 1977.

*James D. Terry* for appellants.

*Virginia Jackson Hopkins, Legal Aid,* for appellee.

McGRAW, JUSTICE:

Plaintiffs, William Bailey and Mary E. Bailey, appeal to the Court for reversal of the order of the Circuit

Court of Preston County, entered on November 20, 1975, which denied to them the prayer of their complaint for cancellation of a land sales contract, dated July 15, 1971, made by them, as vendors, with the defendant, Kenneth E. Savage, as purchaser, and for their immediate recovery of possesion of the land involved. They base their appeal on two contentions: (1) that the trial court erred in its ruling "that it would be inequitable to enforce this contract when under the law an equitable defense cannot be asserted", and (2) that, although defendant was delinquent in making installment payments under the contract, the court erred in holding that his "noncompliance with the contract ... was of no consequence when actually time was of the essence in the contract."*

The land sales contract involves a parcel of land, with a dwelling house thereon, containing 2.5 to 3 acres situate in Kingwood District of Preston County, together with an access road right-of-way to the county road over, across and upon adjacent land owned and retained by plaintiffs. The contract purchase price for the land was $2,000, payable in 40 installments of $50 each on the 16th day of each successive month until the total indebtedness was paid, without interest. The purchaser was to keep the premises in repair and to keep the house insured with a loss clause providing for payment of any insurance to William Bailey as his interest may appear. Purchaser was privileged to reside on and occupy the property at all times during the contract. Vendors were to deliver to purchaser a general warranty deed to the property within 30 days following payment of the indebtedness in full. The fifth paragraph of the contract provided:

> "If the PURCHASER shall neglect to make any payment when due or neglect to do or perform any matter or thing herein agreed to be done and performed by him, and shall remain in default for a period of five (5) days after written

---

* Honorable Edward T. Luff, Judge of the Nineteenth Judicial Circuit, sitting as Judge of the Circuit Court of Preston County, the Eighteenth Judicial Circuit, heard and decided this cause.

notice from the VENDORS calling attention to such default, then the VENDORS may declare this contract terminated and cancelled and take possession of said property, retaining as rent and liquidated damages all payments theretofore made to them by the PURCHASER.

The defendant purchaser lost his job at the Sheidow Bronze plant where he had been employed for some six and one-half years. He informed plaintiffs that he was unemployed and would be slow in making the monthly payments on the property until his unemployment compensation was available. He failed to make the payments on the 16th day of June, July and August, 1974. He was given written notice, served by the sheriff's office on August 20, 1974, that unless the three payments totaling $150 were paid within five days, the land purchase contract of July 15, 1971, would be terminated and he would be required to surrender the premises and improvements thereon. At that time it appears that he had paid $1,750 on the contract and was yet owing a total of $250 of the $2,000 purchase price. By August 28, 1974, he obtained $250 and went to plaintiff William Bailey with the money. Mr. Bailey told him the matter had been turned over to an attorney to whom the defendant purchaser promptly went and with whom he lodged the $250 in cash for payment to plaintiff Bailey. In the meantime, Mr. Bailey had commenced unlawful detainer proceedings against the defendant purchaser in a justice of the peace court which resulted in a judgment adverse to the plaintiff without an appeal being effected thereon. The record discloses the development of ill feelings and lack of productive communications between the vendors and purchaser.

Plaintiffs commenced their action in the Circuit Court of Preston County for cancellation of the contract and recovery of the property on November 27, 1974. The prayer of the complaint is in the following language:

"WHEREFORE, by reason of the provisions of said real estate sales contract and defendant's default therein, plaintiffs demand judgment

against defendant declaring said real estate contract cancelled and for further judgment granting plaintiffs the right to retain the installments made and for further judgment, giving plaintiffs right to immediate possesion of the premises and a writ of possesion for said purpose."

Defendant filed his answer and counterclaim, asserting his substantial compliance with the contract, his favorable judgment in the justice of the peace action, his significant improvements on the property, and, since his remedies at law would be inadequate and plaintiffs would be unjustly enriched if the contract was cancelled and they recovered the property, his prayer for specific performance of the contract. Plaintiffs replied to the counterclaim.

On June 5, 1975, defendant filed, in the pending action, a petition for an injunction against plaintiffs to compel them to remove a chain placed by plaintiffs across the roadway blocking access to defendant's residence and for related relief. The verified petition states that the chain had been placed across the roadway on or about March 19, 1975, and further that

"... plaintiff William Bailey has frequently guarded the aforementioned roadway and chain with a gun and has threatened defendant, his family and guests, and has frequently prevented defendant, his family and guests, from entering and/or leaving said roadway and is thereby prevented the defendant from the quiet enjoyment of his home, has prevented the defendant from transporting groceries and other items of necessity to his family, and has prevented defendant's son from attending school; and further

"That the plaintiff William Bailey has pointed a gun at the defendant and his family and guests and has threatened to shoot the defendant if he did not move from the house in question."

A preliminary injunction was granted on June 16 and the injunction order was served on plaintiffs on June 19. Plaintiffs' failure to remove the chain and to otherwise

comply with the trial court's injunction order resulted in defendant's petition for a rule to show cause why plaintiffs should not be held in contempt for violation of the injunction order. The rule was issued and made returnable September 17, 1975. However, at a hearing on July 16, 1975, when the parties were present in court and testified, the court ruled from the bench that the prayer of plaintiffs' complaint was denied and that the injunction continued in effect. Two orders were entered by the court on November 20, 1975. One order denied plaintiffs' request for cancellation of the contract and writ for their immediate possession of the premises and made the injunction against plaintiffs permanent. The other order denied plaintiffs' motion to dismiss the injunction petition and affirmed that the injunction had been made permanent. The last paragraphs of this latter order read as follows:

> "Prior to the introduction of testimony, the Court discussed with the parties the possibility of mutual agreement and the following agreement was made: That the plaintiffs, William Bailey and Mary E. Bailey, will remove the chain currently across the roadway blocking access to the property in question and Kenneth E. Savage, the defendant, will repair the road and will also put in a culvert in said roadway; and further, Kenneth E. Savage agrees that he will not talk about the plaintiff William Bailey and Mary E. Bailey.

> "In that both parties have ratified the aforementioned agreement, it is not necessary for the Court to make a determination on whether the plaintiff William Bailey and Mary E. Bailey are in contempt of this Court.

> "Thus, it is ORDERED AND ADJUDGED that this matter be continued generally."

The action now before the Court for review is essentially an action in equity for cancellation of a land sales contract. 13 Am. Jur.2d, Cancellation of Instruments, § 2 (1964). The complaint states that "plaintiffs elected to

cancel said contract and retain the payments made as rental payments." Cancellation is an equitable remedy. Plaintiffs' reliance and arguments on the applicability and effect of the statutes relating to ejectment proceedings, W. Va. Code, 55-4-11, 12 and 13, are not persuasive. Defendant's counter petition for injunctive relief in the same action in the trial court adds substance to the equitable nature of the proceedings. No litigant requested a jury trial on any issues. The trial court considered the pleadings, heard the testimony of witnesses and the arguments of counsel, and made his rulings from the bench prior to entry of an order thereon. In the order the court made findings of fact and denied "plaintiffs' request that the real estate contract be cancelled and plaintiffs be permitted the right to retain the installments made and that plaintiffs be given the right to immediate possession of the premises and a writ of possession be and the same is hereby denied." The court also decreed that the preliminary injunction, earlier obtained on defendant's petition, be made permanent, enjoining plaintiffs "to remove the chain currently across the roadway of the property in question and from in anywise interfering with the use of said roadway by the defendant, his family or guests." With reference to defendant's failure to make three timely payments under the land sales contract, the decree states:

> "That although, technically, defendant's failure to pay the amount due in the required five (5) day period may be considered a forfeiture, from an equitable standpoint the Court finds that it would be inequitable for an individual to lose $1,750.00 plus whatever improvements he may have made on the property for making payment three (3) days late."

Equity abhors a forfeiture. 17 Am. Jur. 2d, *Equity*, § 74 (1966). In *Matney v. Blakely*, 97 W. Va. 291, 124 S.E. 918 (1924), in syllabus, point four, the Court held:

> "Generally rescission and cancellation of a contract will not be given because of a partial fail-

ure of consideration, especially where there is no offer to restore the status quo as far as possible."

Rescission of a partially executed contract will not be granted if the *status quo* cannot be restored or where the grounds for rescission are insubstantial. *Gaston v. Wolfe,* 132 W. Va. 791, 53 S.E.2d 632 (1949).

Counsel for plaintiffs argues that the trial court "erred in ruling that the lateness of the payment was of no consequence, since time was of the essence in this contract." The language of the contracting parties did not make time the essence of the contract. The Court, in Syllabus, points two and three, in *Collins v. Thomas,* 87 W. Va. 597, 105 S.E. 897 (1921), held:

"Time for compliance is generally not of the essence of a contract for the sale and purchase of land. A reasonable time is generally implied. If the parties would make time of the essence, they should so stipulate in the contract."

"And even when such contract does make time of the essence, it may be waived by indulgence or subsequent contract of the parties."

The record discloses the trial court reviewed and considered the pleadings, heard the testimony of the witnesses, made findings of fact, and embraced his findings, conclusions and rulings in two decretal orders entered on November 20, 1975. Through the years the Court has adhered to the ruling principle, as stated in point ten of the syllabus in *Mullens v. Frazer,* 134 W. Va. 409, 59 S.E.2d 694 (1950), as follows:

"In equity the finding of a trial chancellor will not be disturbed on appeal, unless clearly wrong or against the plain preponderance of the evidence."

Upon consideration of the record in this action, together with the briefs and arguments of counsel thereon, we affirm the trial court's conclusions and rulings as embraced in the two decrees and orders entered in the Circuit Court of Preston County on November 20, 1975.

*Affirmed.*